# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00510-CV

**Juan Enriquez, Appellant**

**v.**

**Rissie L. Owens, individually, and in her official capacity as Chairman, Texas Board of Pardons and Paroles, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-06-001219, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Juan Enriquez seeks to appeal from a district court order denying his motion for summary judgment. Appellee Rissie Owens has filed a motion to dismiss on the ground that this Court lacks jurisdiction because there is no final judgment in the underlying cause. We agree with appellee and, for the reasons stated below, dismiss this appeal for lack of jurisdiction.

In the letter accompanying his notice of appeal, appellant recognizes that his appeal from the trial court's order denying summary judgment is an appeal from an interlocutory order. An appellate court has jurisdiction to consider an immediate appeal from an interlocutory order only if expressly provided by statute. *See Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998). As a general rule, section 51.014 of the civil practice and remedies code does not provide for immediate appeal from all interlocutory orders denying summary judgment. *See* Tex. Civ. Prac. & Rem. Code Ann.

§ 51.014(a)(5)-(6) (West 2008). There are two exceptions to this general rule: (1) subsection 51.014(a)(5) allows for an interlocutory appeal from the denial of a motion for summary judgment "based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state"; and (2) subsection 51.014(a)(6) allows for an interlocutory appeal from the denial of a motion for summary judgment "based in whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73." *Id.*

Our review of the record demonstrates that appellant's motion for summary judgment does not fall within either of the exceptions allowing for an interlocutory appeal from the denial of a motion for summary judgment. Appellant is not an officer or employee of the state or a political subdivision of the state, and his motion is not based on an assertion of immunity. *Id.* § 51.014(a)(5). Nor is appellant a member of the electronic or print media. *Id.* § 51.014(a)(6).

Because the instant appeal does not fall within one of the statutory exceptions allowing for an interlocutory appeal from the denial of a motion for summary judgment, this Court lacks jurisdiction to consider appellant's interlocutory appeal. Accordingly, we grant appellee's motion and dismiss the appeal for lack of jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed:   March 18, 2009